UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61238-KMM

DWF MANAGEMENT, LLC,

    Plaintiff,

v.

STARR INDEMNITY & LIABILITY COMPANY,

    Defendant.

                                            /

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

THIS CAUSE is before the Court upon Defendant Starr Indemnity & Liability Co.'s Motion to Dismiss Count I of Plaintiff's First Amended Complaint for Declaratory Relief (ECF No. 21). Plaintiff filed a Response (ECF No. 25), and Defendant filed a Reply (ECF No. 26). The matter is now ripe for review. For the reasons that follow, the Court DENIES Defendant's Motion to Dismiss.

**I.  FACTS**

This is an action seeking damages and declaratory relief arising out of Defendant's alleged failure to uphold its obligations under an insurance contract. The policy at issue is a business owner's insurance policy issued by Defendant to Plaintiff, effective September 1, 2014 through September 1, 2015 (the "Policy"). (Am. Compl. ¶ 7 (ECF No. 13)) The Policy provides insurance coverage for, *inter alia*, real property owned by the Plaintiff located at 2205 N University Drive, Pembroke Pines, FL 33024 (the "Property"). (*Id.*)

On April 20, 2015, Plaintiff suffered losses involving the roof and interior of the Property.  (*Id.* ¶ 11)  Subsequently, Plaintiff made a claim against the Policy based on these losses (the "Claim").  (*Id.* ¶ 12)  On July 16, 2015, Defendant denied coverage for the Claim, contending that the losses described in the claim are not covered under the Policy.  (*Id.* ¶ 13)

Plaintiff filed its amended complaint on August 23, 2016.  The amended complaint seeks declaratory relief under both the Florida and federal Declaratory Judgment Acts (Count I), as well as damages for breach of contract (Count II).

Defendant now moves to dismiss Count I of the amended complaint.

## II.     STANDARD OF REVIEW

The purpose of a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a complaint.  The rule permits dismissal of a complaint that fails to state upon which relief can be granted.  To survive a motion to dismiss, a complaint must therefore contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555.  "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal."  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

When considering a motion to dismiss, the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff.  *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008).  A well-pleaded complaint will survive a motion to dismiss "even if it strikes a savvy judge that actual proof of those facts is improbable,

and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citations and quotation marks omitted).

## III. DISCUSSION

Defendant moves to dismiss Count I of the amended complaint, arguing that Plaintiff fails to state a claim for declaratory relief under both Florida and federal law, and that declaratory judgment is not available where a breach of contract claim is also alleged.

As a threshold matter, the Court will apply the federal Declaratory Judgment Act, not the Florida Declaratory Judgment Act, to this action. The Florida Declaratory Judgment Act is a procedural mechanism, which confers subject matter jurisdiction on Florida circuit and county courts. *See* Fla. Stat. § 86.011 ("The circuit and country courts have jurisdiction . . . to declare rights, status, and other equitable or legal relations . . . ."); *see also Nirvana Condo. Ass'n v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336, 1343 n.1 (S.D. Fla. 2008) (finding that Florida's Declaratory Judgment Act is a "procedural mechanism" and applying the federal Declaratory Judgment Act). Thus federal courts sitting in diversity, as here, cannot apply the Florida statute to determine whether or not a declaratory action can lie. *Nirvana Condo. Ass'n*, 589 F. Supp. 2d at 1343 n.1 (*citing McMahon v. Toto*, 256 F.3d 1120, 1131–32 (11th Cir. 2001) (*applying Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). District courts enjoy "ample discretion" in deciding whether or not to entertain a claim for declaratory judgment. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952). "[D]eclaratory judgment is an all-purpose remedy designed to permit

3

an adjudication whenever the court has jurisdiction, there is an actual case or controversy, and an adjudication would serve a useful purpose." *Allstate Ins. Co. v. Emp'r Liab. Assur. Corp.*, 445 F.2d 1278, 1280 (5th Cir. 1971).[1]

Consistent with the "cases" and "controversies" requirement of Article III of the United States Constitution, the Declaratory Judgment Act "specifically provides that a declaratory judgment may be issued only in the case of an 'actual controversy.'" *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999) (*quoting Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985)). The facts alleged must establish a "substantial continuing controversy between two adverse parties." *Id.* (citation omitted). In addition, this continuing controversy must be "real and immediate" and must "create a definite, rather than speculative threat of future injury." *Id.* (citations and quotation marks omitted).

In the amended complaint, Plaintiff claims that Defendant denied coverage for losses to the Property alleged to be covered under the Policy. For example, in paragraphs twelve and thirteen, Plaintiff states that it suffered "covered loss to the Property" but that Defendant denied Plaintiff's claim under the Policy, "erroneously contending that the loss described in the claim was not covered under the Policy." Am. Compl. ¶¶ 12–13. Taking these allegations as true, the Court finds that a continuing dispute exists between the parties, which will harm Plaintiff if left unresolved. A declaration by this Court as to coverage under the Policy is therefore appropriate, and the Court finds that Plaintiff has stated a claim for declaratory relief.

In so holding, the Court rejects Defendant's argument that Plaintiff cannot assert a claim for declaratory relief when an adequate alternative remedy exists at law. "Such a position is in

---

[1] The Eleventh Circuit recognizes Fifth Circuit decisions rendered prior to the close of business on September 30, 1981 as binding precedent. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

direct contravention of Rule 57 of the Federal Rules of Civil Procedure" which provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." *See Johnson v. Geico Gen. Ins. Co.*, No.: 08-cv-80740, 2008 WL 4793616, *3 (S.D. Fla. Nov. 3, 2008) (*quoting* Fed. R. Civ. P. 57) (quotation marks omitted). Thus, Plaintiff's alternative claim for breach of contract does not prevent it from also seeking a declaratory judgment to establish coverage under the Policy. *Id.* (*citing City of Leominster v. Pittsburgh-Des Moines Steel Co.*, 201 F. Supp. 66, 68 (D. Mass. 1962) (allowing both declaratory judgment and breach of contract claims to proceed)). Accordingly, the Court will not dismiss Count I on this ground.

**IV.   CONCLUSION**

For the foregoing reasons, it is ordered and adjudged that Defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint for Declaratory Relief (ECF No. 21) is DENIED.

Done and ordered in Chambers at Miami, Florida, this  9th  day of November, 2016.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:   Counsel of record